# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                                                          Case No. 01-CR-144

JOHN A. COOK,

    Defendant.

## STATEMENT ON RESENTENCING

The defendant in the above matter was convicted on his plea of guilty conspiracy to distribute the illegal drug "ecstacy" contrary to 21 U.S.C. § 846 and 841(a)(1) and (b)(1)(C). On March 26, 2004, the court sentenced the defendant to 188 months in the custody of the Bureau of Prisons pursuant to the United States Sentencing Guidelines. The defendant appealed the sentence and, based upon the United States Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005), the Court of Appeals remanded the case for the limited purpose of having this court indicate whether it would have imposed the same sentence had it known that the United States Sentencing Guidelines were merely advisory. *See United States v. Paladino*, 401 F.3d 471, 481-84 (7th Cir. 2005). Upon remand, this court requested a statement of position by each of the respective parties. The parties have now filed their respective statements of position, and the case is now ripe for decision. For the reasons that follow, I conclude that my sentence would not have been the same had I known that the Sentencing Guidelines were not mandatory.

In determining an appropriate sentence after *Booker*, the sentencing court is required to consider not only the sentence range prescribed by the Guidelines, but also the other factors set out in 18 U.S.C. § 3553. These include, in general, the nature of the offense, the history and character of the defendant, and the needs of the public and any victims of the offense. The sentence imposed by the court must be sufficient to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. The court should also consider the need to afford adequate deterrence to criminal conduct, to protect the public from further criminal conduct of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In this case, I determined the defendant's sentence range to be 188 to 235 months based on an offense severity score of 32 and his criminal history category of III. I imposed a sentence of 188 months, or fifteen years and eight months, the lowest possible given the prescribed range. In imposing this sentence, I noted that the defendant had never been to prison before. Although his criminal history placed him in category III, the longest sentence he ever served was six months in a county jail with work release privileges for delivering 15 grams of marijuana in a bar. Two possession of cocaine convictions had resulted in sentences of 90 days and 30 days, respectively, and all three offenses occurred in 1995 within a span of six months. The only other conviction that resulted in a separate sentence was a operating under the influence that occurred a year earlier. In light of the defendant's lack of prior prison experience, I suggested that even the low end of the guideline sentence was "more than sufficient punishment under the circumstances." (Sent. Tr. at 28.)

Based on the foregoing, I conclude I most likely would have imposed a sentence below the Guideline range had I known that the Guidelines were only advisory. Of course, it is possible that

2

now that it realizes the court is free to impose a sentence below the Guideline range even absent specific grounds for a downward departure, the government may make a stronger argument for a sentence within the Guideline range. But as the record now stands, I am inclined to impose a lower sentence. Accordingly, I request that the sentence be vacated and the matter remanded for resentencing in light of *Booker*.

Dated this 25th day of May, 2005.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge
